# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> **Plaintiff** <br> v. <br> **PAUL EDWARD MONK,** <br> **Defendant** | **CASE NO. 1:08-CR-0365 AWI** <br><br> **ORDER RE: DEFEDANT'S REQUEST FOR EARLY TERMINATION OF SUPERVISED RELEASE** <br><br> **(Doc. 41)** |

### I. Background

On March 23, 2009, Defendant Paul Edward Monk plead guilty to possession of material involving the sexual exploitation of minors, 18 U.S.C. § 2252(a)(4)(B). Doc. 21. As part of the plea agreement, the Government agreed to recommend a sentence between 78-87 months and a 120 months of supervised release. Doc. 20, 8:1-12. Defendant was sentenced to 78 months of imprisonment and 120 months of supervised release; additionally, he was ordered to pay an assessment of $100, a fine of $2,000, and total restitution in the amount of $6,000. Docs. 34 and 35.

Defendant appears to have been released from custody in January 2015. On August 26, 2019, a release of lien for fine/restitution was filed by the Government. Doc. 40. Defendant has now filed a motion seeking early termination of supervised release. Doc. 41. As of June 2021, he was 77 months into his 120 month term. The Government opposes Defendant's request. Doc. 43. No hearing was held in deciding this motion.

## II. Legal Standard

18 U.S.C. § 3583 permits a court to terminate a term of supervised release, after considering various factors in 18 U.S.C. § 3553. 18 U.S.C. § 3583(e); United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014). Those factors are: (1) the nature and circumstances of the offense and the nature and characteristics of the defendant (18 U.S.C. § 3553(a)(1)); (2) the need for the sentence imposed to provide adequate deterrence (18 U.S.C. § 3553(a)(2)(B)); (3) the need for the sentence imposed to protect the public from further crimes by the defendant (18 U.S.C. § 3553(a)(2)(C)); (4) the need for the sentence to provide the defendant with needed educational, vocational, medical, or other correctional treatment or aide (18 U.S.C. § 3553(a)(2)(D)); (5) the kind of sentence and the sentencing range established for the applicable category of offense in the sentencing guidelines (18 U.S.C. § 3553(a)(4)); (6) any pertinent policy statement issued by the Sentencing Commission (18 U.S.C. § 3553(a)(5)); (7) the need to avoid unwarranted sentence disparities (18 U.S.C. § 3553(a)(6)); and (8) the need to provide restitution to any victims (18 U.S.C. § 3553(a)(7)). It is the defendant's burden to demonstrate that early termination is warranted. United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006). After considering these factors, a court may terminate supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In considering the "interest of justice," the Court may also consider any "undue hardship" that the defendant might be suffering. United States v. Emmett, 749 F.3d 817, 820 (9th Cir. 2014). A district court must explain its decision to either grant or deny a motion for early termination of supervised release. Id. at 820-21.

"Federal Rule of Criminal Procedure 32.1(c) requires the court to hold a hearing, with exceptions, 'before *modifying* the conditions of probation or supervised release.' Fed. R. Crim. P. 32.1(c) (emphasis added). But the rule does not compel the court to hold a hearing before *refusing* a request for modification." United States v. Nonahal, 338 F.3d 668, 671 (7th Cir. 2003); see also United States v. Emmett, 749 F.3d 817, 825 n. 2 (9th Cir. 2014) (hearing not needed before the district court denied the request for early termination of supervised release); United States v. Frazier, 2021 U.S. Dist. LEXIS 76035, at *9 (D. Ariz. Apr. 20, 2021) ("Under Rule 32.1(c), the

right to a hearing arises only when a modification occurs").

### III. Discussion

Defendant's main argument is that he believes he has learned from his past mistakes and changed for the better. Doc. 41. He also notes that "I have earned the trust of my P.O. JC Hill, as well as Dr. Hill of the CPC. Both have encouraged me to write this letter." Id. These considerations implicate the first factor, namely the "characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Government points out that "Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination." United States v. Grossi, 2011 U.S. Dist. LEXIS 22831, at *5-6 (N.D. Cal. Feb. 18, 2011). Defendant's probation officer J.C. Hill also submitted a letter recognizing Defendants significant good faith efforts in cooperating and complying with supervised release requirements but ultimately recommending "continued supervision with adjusted dosage of monitoring and therapeutic treatment commensurate with assessment testing." Doc. 45. Defendant's efforts to rehabilitate are commendable but not sufficient by themselves to justify early termination of supervised release.

On a related note, the fourth factor (the need for the sentence to provide the defendant with needed educational, vocational, medical, or other correctional treatment or aide) weighs against grant of the motion. Defendant states that part of the reason he is seeking early termination is that "I am now the full-time caretaker for my elderly, partially disabled mother, and money is tight. Continued probation costs me financially in the form of a monitoring program, cost of counseling (the program lasts through probation), as well as the various meetings." Doc. 41. In explaining his success in avoiding reoffending, he credits his new mindset, saying "Through the support of family, the friends who gave me a second chance, and counseling, I clearly see the cause of my choices, and recognize the mental errors that led to them." Id. There is concern that Defendant is seeking to end the counseling services he admits to relying on.

The sixth factor (any pertinent policy statement issued by the Sentencing Commission) also weighs against grant of the motion. The Government points out that the United States Sentencing Guidelines Manual directly states "(Policy Statement) If the instant offense of

conviction is a sex offense, however, the statutory maximum term of supervised release is recommended." U.S. Sentencing Commission, Guidelines Manual, § 5D1.2(b)(2), p.s. (Nov. 2018). Defendant's conviction under 18 U.S.C. § 2252(a)(4)(B) qualifies as a sex offense since it was an offense against a minor under chapter 110 of Title 18. USSG § 5D1.2, comment n.1. The maximum term of supervised release is life. USSG § 5D1.2(b); 18 U.S.C. § 3583(k).

Taken altogether, these factors do not support early termination of supervised release.

## IV. Order

Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated: October 14, 2021

_____
SENIOR DISTRICT JUDGE